**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN A. DANIEL,

   Petitioner-Appellant,

   v.

ROBERT LAMPERT, Director,
Wyoming Department of Corrections;
THE ATTORNEY GENERAL OF
THE STATE OF WYOMING,

   Respondents-Appellees.

No. 07-8080

(D.C. No. 2:06-CV-280-ABJ)

(D. Wyo.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a Wyoming state prisoner proceeding pro se, seeks a certificate

of appealability to appeal the district court's denial of his § 2254 habeas petition.

Petitioner claims that he received ineffective assistance of counsel in his direct

appeal to the Wyoming Supreme Court following his conviction on two counts of

sexual assault and a jury finding that he was a habitual criminal.

Petitioner was charged with three counts of first degree sexual assault and

one count of kidnapping. He was tried before a jury in July 1999. The court

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted his motion for judgment of acquittal on one count of sexual assault. The jury was unable to reach a verdict on any of the remaining three counts, and the trial court ultimately declared a mistrial. Petitioner's second jury trial occurred in August 1999. The jury convicted him on the two counts of sexual assault but was unable to reach a verdict on the kidnapping charge. The court declared a mistrial on the kidnapping charge and accepted the verdict. After hearing evidence of Petitioner's prior convictions, the jury deliberated and returned a verdict finding Petitioner to be a habitual criminal. The court sentenced Petitioner to two consecutive life sentences.

Petitioner then filed a notice of appeal. However, his case was not docketed for approximately two and a half years, mainly due to delays caused by the court reporter's failure to provide a complete set of transcripts from both trials. On appeal Petitioner claimed, inter alia, that this delay deprived him of his right to a meaningful appeal and that he received ineffective assistance of trial counsel. Among the thirteen claims of error in counsel's representation of him at trial, Petitioner alleged that counsel allowed him to be shackled in the presence of the jury. Because the trial record contained no information on this claim, the Wyoming Supreme Court ordered the trial court to conduct a remand hearing to permit Petitioner to develop the claim.

At the remand hearing on the issue of shackling, Petitioner testified that he was wearing ankle restraints during his trial and that on two occasions he was

brought into the courtroom in leg restraints in the presence of potential jurors or jury members. The private investigator retained by the public defender's office testified that he attended both of Petitioner's trials and that at one trial Petitioner was brought into the courtroom wearing leg restraints after the jury had been seated in the jury box. The investigator could not remember whether this incident occurred during the first trial or the retrial. The court bailiff from both of Petitioner's trials testified that he had been in charge of bringing Petitioner from the holding cell to the courtroom for trial and that he did not remember any occasions when any defendant wearing some form of restraints was brought into the courtroom with the jury present. A jail administrator testified that it was the trial court's practice and policy to shackle defendants at trial who had not posted bond. He also testified that it was court policy to bring defendants into the courtroom and remove their handcuffs before the jury or prospective jury was brought in.

Following the hearing, the trial court found that Petitioner was in leg restraints during his second trial but he was not shackled in view of the jury and, had the issue been raised, the court would have found that compelling reasons justified the use of leg restraints. Petitioner then filed a supplemental brief arguing that "the practice of noticeably restraining [Petitioner] at jury trial violates constitutional rights." (R. Doc. 5-4, at 10.) In his brief, Petitioner stated that this standard policy violated "the guarantees of due process and equal

protection" (*Id.* at 16), but his brief mainly focused on the due process claim.

The Wyoming Supreme Court held that the trial court abused its discretion and violated Petitioner's right to a fair trial under the Sixth and Fourteenth Amendments when it failed to hold a pretrial hearing on whether shackling for trial would be appropriate. *Daniel v. State*, 78 P.3d 205, 212 (Wyo. 2003). However, the court held this error to be harmless, based on the trial court's finding that no direct evidence established the jury heard or saw Petitioner's shackles and also given the fact that the jury was unable to reach a verdict on all counts at the first trial and on the kidnapping count at the second trial. *Id.* at 213. The court did not explicitly consider the claim that the court's standard policy of shackling indigent defendants itself violated Petitioner's constitutional rights, but it rejected Petitioner's other claims. On the issue of the delay in resolving the appeal, the court concluded that Petitioner had arguably demonstrated three of the four factors required under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), but had failed to meet the fourth prong of the test by showing prejudice resulting from the delay. The United States Supreme Court denied a petition for a writ of certiorari from the Wyoming Supreme Court's decision, *Daniel v. Wyoming*, 540 U.S. 1205 (2004), and the state courts denied Petitioner's subsequent petition for post-conviction relief.

In the instant habeas petition, Petitioner claimed that he received ineffective assistance of appellate counsel. First, he argued that appellate counsel

-4-

should have specifically cited to the private investigator's testimony at the remand proceeding that he could no longer remember whether the jury saw Petitioner shackled at the first trial or second trial as evidence that Petitioner was prejudiced by the delay in docketing his appeal. Second, he argued that appellate counsel should have specifically raised an equal protection claim based on the court's policy of shackling defendants at trial who had not posted bond.

The district court concluded that Petitioner had not established ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The court concluded that Petitioner's first argument relied heavily on a string of speculations and presumptions. The court stated that to find ineffective assistance, it would need to speculate that the investigator would have remembered the events if the remand hearing had been held earlier and would have testified that the incident indeed occurred during the second trial. The court would then need to give greater weight to the investigator's testimony than to the bailiff's contradictory testimony. Finally, the court would need to presume that the Wyoming Supreme Court would have held that Petitioner was prejudiced by the incident at his trial. The district court therefore rejected this argument.

As for Petitioner's second argument, the district court first concluded that appellate counsel did raise the equal protection issue on appeal. The court also noted that the Wyoming Supreme Court found harmless the trial court's abuse of discretion in failing to hold a pretrial hearing on the issue of shackling, and

Petitioner had not convinced the court that the Wyoming Supreme Court would have analyzed an equal protection error any differently. Moreover, the court concluded that Petitioner's equal protection argument would have failed because defendants who post bond are not similarly situated to defendants who do not post bond.

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Petitioner argues that, in rejecting his first argument, the district court erroneously discussed a series of speculations that it was not required to make and that had no bearing on the merits of the issue. While it is true that the district court would not need to itself resolve these speculative issues, these issues are indeed relevant to the correct inquiry—whether the Wyoming Supreme Court would have resolved Petitioner's appeal differently had counsel specifically raised this issue. In order to conclude that Petitioner was prejudiced by counsel's failure to specifically cite to the investigator's testimony as evidence that he was prejudiced by the delay, we must conclude that the Wyoming Supreme Court

would have found that the investigator's failure to remember whether the jury saw Petitioner in shackles during the first or second trial constituted sufficient evidence of prejudice to Petitioner's appeal to warrant relief. In order to make this finding, the Wyoming Supreme Court would have needed to speculate whether the investigator would likely have given testimony that better supported Petitioner's claims if the remand hearing had been held earlier and whether the trial court would likely have found this testimony more credible than the bailiff's contrary testimony. The court would then have needed to conclude that Petitioner's trial was prejudiced when the jury briefly saw him in shackles while he was escorted into the courtroom. Given this attenuation, we see nothing debatably erroneous about the district court's ultimate conclusion that counsel's failure to raise this issue did not amount to constitutionally ineffective assistance. We also note that counsel brought the investigator's testimony to the Wyoming Supreme Court's attention, although not in the context of the issue regarding delay, and the court's opinion shows that it was aware of the investigator's failure to remember the date of the incident.

As to his second claim of ineffective assistance of counsel, Petitioner argues that the district court erred in concluding that appellate counsel raised the equal protection claim on appeal. Petitioner does not address the district court's additional holding that he had not established prejudice in any event. As the district court noted, the Wyoming Supreme Court rejected for harmlessness a very

similar claim alleging that Petitioner's rights to a fair trial were violated when the court failed to conduct a pretrial hearing as to whether Petitioner should be shackled. Like the district court, we see no indication that the Wyoming Supreme Court would not likewise have found harmless an equal protection claim based on the court's policy of shackling defendants who did not post bond.

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in these materials convinces us that reasonable jurists could debate whether the district court's rulings were correct. We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge